IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03476-BNB

ARTURO CUTBURTO HERRARA, JR.,

    Plaintiff,

v.

UNIVERSITY OF COLORADO, A.R.T.S Program,
PEER I,
KEN GAIPA, Program Director of Peer I,
PAUL THOMPSON, Assistant Director of Peer I, and
ALONA SMITH House Manager of Peer I,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Arturo Cutburto Herrara, Jr., initiated this action while incarcerated at the Denver County Jail in Denver, Colorado, by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). On January 6, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Herrara to cure certain deficiencies if he wished to pursue his claims in this action. More specifically, Magistrate Judge Boland ordered Mr. Herrara to submit both a signed authorization to calculate and disburse filing fee payments and a certified copy of his inmate trust fund account statement from each institution in which he has been incarcerated in the last six months. Mr. Herrara was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

    On January 13, 2014, the copy of Magistrate Judge Boland's January 6 order

that was mailed to Mr. Herrara at the Denver County Jail was returned to the Court undelivered, apparently because the envelope did not list Mr. Herrara's correct inmate number. (*See* ECF No. 5.) On January 14, 2014, Magistrate Judge Boland entered a minute order directing the clerk of the Court to remail to Mr. Herrara a copy of the January 6 order to cure deficiencies.

On January 22, 2014, the copy of Magistrate Judge Boland's January 6 order that was remailed to Mr. Herrara at the Denver County Jail with the correct inmate number also was returned to the Court undelivered. That returned envelope (ECF No. 8) is stamped "RTS" and "RELEASED" and bears a stamp or sticker that reads "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD."

Pursuant to Rule 11.1(d) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, a party must file a notice of new address within five days of any change of address. Mr. Herrara has failed to comply with the Court's local rules and, as a result, he has failed within the time allowed to cure the deficiencies as directed. Therefore, the complaint and the action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Herrara failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  20th  day of   February  , 2014.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court